UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTY TAMARO HINES, )<br>)<br>Defendant. ) | No.: 3:13-CR-18-TAV-CCS |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 194]. the United States has responded to the motion [Doc. 196], and defendant has replied [Doc. 198]. Defendant previously asked the Court for a stay in ruling on her motion so that she could obtain evidence to support her claim that her mother can no longer care for defendant's minor child [Doc. 197]. The Court granted the motion and gave defendant until and including March 12, 2021, to file additional evidence [Doc. 200]. No such evidence was filed, and the matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion will be **DENIED**.

**I.      Background**

On June 20, 2014, after a three-day jury trial, defendant was convicted of conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), as well as for distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and

18 U.S.C. § 2 [Doc. 116]. Defendant was sentenced to 240 months imprisonment as to both charges, to run concurrently, followed by five years supervised release [Doc. 150].

Defendant is housed at FCI Aliceville, which currently has four (4) active cases of COVID-19 amongst the inmates and eight (8) active cases amongst the staff. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited March 30, 2021). Defendant is thirty-nine (39) years old and alleges that she suffers from anemia, but has provided no medical records to support her claim [Doc. 198]. Defendant also contends that she has a minor child, seven (7) years old as of the filing of her reply brief, who is being taken care of by his grandmother (defendant's mother) [Doc. 198]. Defendant contends that her mother is severely ill, and can no longer care for the child, and requested time to file medical records supporting her claim [Doc. 197]. Several months after her request, though, defendant has not filed any medical records to support her claims. Defendant is scheduled for release on October 26, 2030. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 30, 2021).

## II.     Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under

2

Case 3:13-cr-00018-TAV-CCS   Document 201   Filed 04/01/21   Page 2 of 6   PageID #: 1643

§ 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 194].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)]

3

> instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

4

The United States concedes that the exhaustion requirement has been met [Doc. 196]. Thus, the Court may consider the merits of defendant's request.

B.     **Extraordinary and Compelling Reasons**

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 at 519. Here, the defendant has not shown "extraordinary and compelling reasons" for her release; thus the Court need not address the § 3553(a) factors.

Defendant contends that she has been diagnosed with anemia, but has provided no evidence to support her claim. Defendant also argues that her mother can no longer take care of defendant's minor child because the mother is seriously ill. However, despite being allowed several months to submit medical records establishing that defendant's mother is ill, defendant has failed to do so. As the moving party, defendant bears the burden to establish the considerations relevant to her motion for compassionate release. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990). In the absence of proof to support her claims, she has not met that burden.

Defendant also argues that she faces a risk of death if she contracts COVID-19. While the COVID-19 pandemic is very serious, this Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract

5

COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

To the extent defendant argues that her efforts at rehabilitation and improving herself while in prison should serve as a basis for compassionate release, the Court disagrees. While the Court recognizes defendant's efforts at self-improvement, the Court does not find such circumstances to be extraordinary or compelling.

The Court finds that defendant has not established the "extraordinary and compelling reasons" needed to justify compassionate release, and therefore her motion will be **DENIED**.

**IV. Conclusion**

Accordingly, for the reasons set forth more fully above, defendant's motion [Doc. 194] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE