UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:13-CR-18-TAV-CCS-3 |
| CHRISTY TAMARO HINES, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant has moved [Docs. 184, 186] for a reduction of her sentence on the basis of her post-sentencing rehabilitation. Since defendant has been incarcerated, she has received nineteen (19) certificates regarding maintaining one's health, personal growth, and skill-building. She contends that 18 U.S.C. § 3742(e), *Pepper v. United States*, 562 U.S. 476 (2011), and case from the District of West Virginia provide a basis for reduction.

However, "once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting United States v. Curry, 606 F.3d 323, 326 (6th Cir. 2010). Although defendant cites 18 U.S.C. § 3742(e), the statute merely describes the review an appellate court performs when a defendant appeals a sentence; it does not provide an independent basis for sentence reduction. *See United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) (§ 3742 is the "basis for appellate review of a district court's sentencing decisions" and does "not grant jurisdiction to a district court to review a final sentence.").

Defendant argues that in *Pepper v. United States*, the court granted a downward variance on the basis of defendant's lack of violent history and post-sentencing rehabilitation [Docs. 184, 186]. In fact, the case held that "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and that such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." 562 U.S. at 481. Defendant's sentence here was affirmed [Doc. 173] and has not been set aside such that her rehabilitation may be considered like in *Pepper*. Rehabilitative efforts therefore provide no independent basis for the Court to reduce defendant's sentence.

Finally, defendant states a defendant in West Virginia received a 30-month sentence reduction for programming at Alderson Prison Camp. However, the amended judgment, provided by the government as an attachment [Doc. 188-1] indicates that the defendant's sentence was reduced pursuant to Federal Rule of Criminal Procedure Rule 35(b), not § 3742(e). Rule 35(b), which provides for sentence reduction upon the government's motion for correcting clear error or defendant's substantial assistance, is not applicable in this case.

Overall, defendant has not identified a basis for a sentence reduction. Accordingly, her motions [Docs. 184, 186] for reconsideration in light of her post-sentencing rehabilitation are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

2

Case 3:13-cr-00018-TAV-CCS   Document 202   Filed 04/15/21   Page 2 of 2   PageID #: 1649